Per Curiam.
The argument for the appellant would have weight, if an issue directed by the Orphans’Court were like an •issue sent from chancery, which continues to be under the control of the chancellor throughout, the judges to whom it is sent being merely commissioners to try the fact and certify the verdict without rendering their judgment: so that it is the province of the chancellor alone to judge of the regularity of the trial, ánd of the propriety of again sending the question to a jury. With us, however, a feigned issue is to every legal intent an action; the motion for a new trial being entertained by the court’in which the question has been tried, and the practice being to render a judgment on the verdict for the purpose of enabling the unsuccessful party to have the proceedings reversed on a writ of error. The Orphans’ Court .therefore is not to be governed exclusively by the opinion of the court to which the issue is sent, nor does it exercise any power of selection, as .it can send an issue to no other court than the Court of Common Pleas. But as there is neither reason nor authority for restricting the trial of an issue' to that court, it may be removed subject to the limitations which are applicable to other actions. We do not admit that a motion like the present is a proper subject for an appeal to this court; but as a de? cisión of the principal question may be useful in practice, we have availed ourselves of the occasion to express our opinion on it.
Appeal dismissed